WIGGINS, Justice (dissenting).
I respectfully dissent. I would find that the requirements of Iowa Code section 901C.2(1)(a )(2) (2018) violate the equal protection clause under the Iowa Constitution as applied to Doe. Before I discuss why, I think it is important to discuss the facts of this case. On June 3, 2009, the State charged Doe with domestic abuse assault with a dangerous weapon (an aggravated misdemeanor) and assault on a peace officer (a serious misdemeanor) in a trial information docketed as AG228484. By a separate docket number, the State also charged Doe with interference with official acts. Due to her indigency, the court appointed Doe an attorney in AG228484.
The State and Doe reached an agreement whereby Doe was required to complete a family violence services class and, upon successful completion, the State would dismiss the case. Nowhere in the record is there an agreement that the indigent Doe would pay costs, including unpaid court-appointed attorney fees. On September 15, the State filed a notice of intent not to prosecute. The judge signed off on it the same day. Handwritten in the notice by the county attorney was the following: "4. Costs to the ?." Neither Doe nor her attorney signed off on the notice or the dismissal order. The dismissal order never indicated that costs included court-appointed attorney fees. The order never found that Doe as an indigent defendant had the reasonable ability to pay these fees. See Iowa Code § 910.2(1) (requiring the court to find a defendant had a reasonable ability to pay before assessing court-appointed attorney fees and costs). A defendant does not have the obligation to ask the district court to determine she had a present inability to pay the court debt. State v. Albright, 925 N.W.2d 144, 161 (Iowa 2019). Moreover, because the State dismissed the case, the Code does not allow a defendant to ask the court to determine whether she had a present inability to pay the court debt. See Iowa Code § 910.7 (allowing an offender to petition the court regarding restitution only "during the period of probation, parole, or incarceration"). As the majority notes, the imposition of restitution for court-appointed attorney fees can avoid constitutional infirmity only by a court finding that the offender has the reasonable ability to pay the restitution ordered. State v. Dudley , 766 N.W.2d 606, 615 (Iowa 2009).
Thus, I would find the relevant groups to compare are all offenders and indigent offenders who lack the reasonable ability to pay restitution . Applying the rational basis analysis under the Iowa Constitution, we must determine whether the legislature had a valid reason to treat all offenders the same without differentiating indigent *667 offenders who lack the reasonable ability to pay in its expungement statute. Racing Ass'n of Cent. Iowa v. Fitzgerald , 675 N.W.2d 1, 7 (Iowa 2004). Second, we must decide whether the legislature's claimed reason has a basis in fact. Id. at 7-8. Lastly, "we must consider whether the relationship between the classification"-i.e., the differences between all offenders and indigent offenders who lack the reasonable ability to pay-"and the purpose of the classification is so weak that the classification must be viewed as arbitrary." Id. at 8.
I can find no valid reason to treat all offenders the same without differentiating indigent offenders who lack the reasonable ability to pay in the expungement statute. Offenders can be required to pay restitution only after a finding of reasonable ability to pay. Iowa Code § 910.2(1). If an offender who has a reasonable ability to pay decides not to pay these costs, the legislature can deny expungement because these offenders consciously chose not to pay restitution. However, indigent offenders who lack the reasonable ability to pay do not have the ability to pay and, thus, will never be eligible for expungement. Therefore, I would find the classification is so weak that it is arbitrary and violates equal protection.
To solve this problem, I would remand the case back to the district court to determine if Doe has the reasonable ability to pay these costs. If not, I would remove them from the docket. If she does, I would agree with the majority that the statute does not violate equal protection under the Iowa Constitution.
Cady, C.J., joins this dissent.